NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 26, 2012[*]
Decided October 22, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-3777

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Eastern Division |
| *v.* | |
| | No. 11 CR 412-1 |
| ARTURO VALLE-VILLA, | |
| aka ARTURO VALLIE, | Charles R. Norgle, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Arturo Valle-Villa, a citizen of Mexico, was deported in 1997 after serving time in Illinois for attempted murder and armed violence. He returned to the United States in 1999 and was arrested in Chicago in 2011. Valle-Villa pleaded guilty to unauthorized presence after removal, 8 U.S.C. § 1326(a), and was sentenced to 51 months' imprisonment. As part of a plea agreement, Valle-Villa waived the right to appeal his conviction or "any part of the sentence (or the manner in which that sentence was determined)." When that waiver was executed, Valle-Villa was represented by retained counsel, who continues to represent him on appeal.

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Valle-Villa appeals his sentence and challenges the district court's refusal to grant a "fast-track" variance. But his lawyer only vaguely alluded to the appeal waiver in his opening brief, and after the government pressed the waiver in its own submission, counsel declined to file a reply brief explaining how this appeal could proceed. We ordered counsel to explain his decision, and in response to our inquiry counsel asserts that the appeal waiver should not prevent an appeal of the judge's denial of fast-track consideration, since Valle-Villa only waived his appeal right in order to have his disparity argument considered. *See United States v. Ramirez*, 675 F.3d 634 (7th Cir. 2012) (outlining procedure for making fast-track disparity argument).

But Valle-Villa cites no precedent for this contention, nor does he attempt to reconcile his argument with our cases outlining the very narrow circumstances under which we will refuse to enforce a knowing and voluntary waiver. *See United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005) (noting that defendants cannot waive right to appeal sentence "based on constitutionally impermissible criteria, such as race . . . or a sentence in excess of the statutory maximum sentence for the defendant's crime"); *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir. 1997) (same); *see also United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004) (en banc) (refusing to enforce appeal waiver where doing so would constitute a "miscarriage of justice"); *United States v. Andis*, 333 F.3d 886, 891–92 (8th Cir. 2003) (en banc) (same). Since Valle-Villa doesn't challenge his guilty plea and has not developed an argument why the waiver should be set aside, this appeal is frivolous. *See United States v. Wilson*, 481 F.3d 475, 483 (7th Cir. 2007); *United States v. Suggs*, 374 F.3d 508, 520 (7th Cir. 2004).

**DISMISSED**